IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, and the MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM FUND, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| PRESTIGE INSTALLATIONS LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Now come Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant, Prestige Installations LLC, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and Trainee Program ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust

Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Prestige Installations LLC is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreement also binds Prestige Installations LLC to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Prestige Installations LLC is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Prestige Installations LLC is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. An audit of Defendant's books and records for the period February 1, 2022 through June 30, 2023 demonstrated that $126,614.21 is the minimal amount of contributions owed to the Trust Funds as a consequence of this breach based on the records submitted by Prestige Installations LLC.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the payment of the audit discrepancies and other resulting damages.

9. Prestige Installations LLC is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Prestige Installations LLC is obligated to pay any fringe benefit contributions shown, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That Defendant Prestige Installations LLC be ordered to pay the $126,614.21 in contributions shown to be due in the audit for the period of February 1, 2022 through June 30, 2023.

B. That Defendant Prestige Installations LLC be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

C. That Defendant Prestige Installations LLC be ordered to pay liquidated damages and interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND et al.

By:     s/Travis J. Ketterman
    _____
    TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
312.251.9700
tketterman@mkrlaborlaw.com
August 4, 2025